UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NATALIE MATHER,

        Plaintiff,

                                    Case No. 1:11-cv-1231

v.

                                    Hon. Gordon J. Quist

DAN FRAZIER,

        Defendant.

_____/

## ORDER OF TRANSFER

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The *pro se* plaintiff states that she is a resident of Cheboygan County, Michigan, who is presently living in Helena, Montana. Plaintiff's complaint alleges a cause of action against Dan Frazier, a police officer employed by the City of Cheboygan, which is located in Cheboygan County, Michigan. Plaintiff alleged that while at the "Beacon Center," a "fellow mentally ill client" believed that plaintiff's service dog belonged to her, that defendant Frazier was summoned, and that Frazier caused plaintiff injury. Plaintiff has sued defendant Frazier in his official capacity as a police officer for the City of Cheboygan. Plaintiff's complaint refers to the Center as lying within the jurisdiction of the City of Cheboygan's police department. Cheboygan County lies within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Despite these ties to Cheboygan County, plaintiff seeks jurisdiction in the Western District of Michigan, apparently based upon her allegation that the Beacon Center is "governed per the 'North country mental health center' seated out of Petoski [sic]." Compl. at p. 5 (docket no. 1). Petoskey is located in Emmet County,

Michigan, and lies within the geographical boundaries of the Western District of Michigan. 28 U.S.C. § 102(b).

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant is a public official serving in Cheboygan County, and he "resides" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegation against defendant arose in Cheboygan County, where defendant allegedly committed the acts giving rise to this case. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185-87 (1979). While plaintiff's complaint refers to an organization located in Petoskey, Michigan, that organization is not a party to this lawsuit. Under these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this court has granted plaintiff *in forma pauperis* status, but has <u>not</u> reviewed plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).** The Clerk shall transmit the file forthwith to the Clerk of the Court in Detroit.

Dated: November 28, 2011            /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge